# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2010

No. 10-20088
Summary Calendar

Lyle W. Cayce
Clerk

RUTH ELLEN STOEVER,

Plaintiff - Appellant

v.

TECH USA; BECK DISASTER RECOVERY, INC.; SAIC,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:09-CV-2779

Before JOLLY, STEWART, and ELROD, Circuit Judges..

PER CURIAM:[*]

Ruth Ellen Stoever, *pro se*, appeals the dismissal of her employment discrimination claims against Tech USA ("Tech"), Beck Disaster Recovery, Inc. ("Beck"), and SAIC.

In September 2008, Stoever signed an employment agreement with Tech to work as a temporary employee on assignment to Beck on a recovery project

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20088

following Hurricane Ike. The employment agreement contained a provision for mandatory arbitration.

After Stoever's employment with Tech was terminated, she filed a complaint against Tech and Beck in federal court, alleging discrimination on the basis of gender, age, and race. She later amended the complaint to add SAIC as a defendant, alleging that because Beck is a wholly owned subsidiary of SAIC, SAIC has the same obligations as Beck.

Tech and Beck moved to stay the action, and/or to compel arbitration or, in the alternative, to dismiss the complaint because all of Stoever's claims are subject to mandatory arbitration based on the arbitration provision in her employment agreement. SAIC moved to dismiss for failure to state a claim upon which relief could be granted. It argued in its motion that Stoever's allegations were factually incorrect and that, even if correct and proven, it could not be held liable for Beck's actions in the absence of any allegation that corporate formalities were not observed.

The district court conducted a hearing on the motions, during which the court patiently questioned Stoever about the basis for her allegations and her opposition to the motions to dismiss. At the conclusion of the hearing, the court gave Stoever a week to present additional evidence in opposition to the motions. After considering the additional evidence she presented, the district court granted the motions and dismissed Stoever's complaint with prejudice.

On appeal, Stoever's arguments, construed liberally, do not challenge the basis for the district court's rulings. Instead, they are focused primarily on the merits of her employment discrimination claims and on factual disputes unrelated to the enforceability of the arbitration provision in the employment agreement that she signed. Furthermore, she does not present any basis upon which SAIC could be held liable for any actions of Beck.

2

No. 10-20088

The district court did not err by granting the motions to dismiss. Accordingly, its judgment is

AFFIRMED.